# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

SUZANNE FRY,

                                        Plaintiff,                    DECISION & ORDER

                    -vs-                                              09-CV-6669-CJS-MWP

HARTFORD INSURANCE COMPANY,

                                        Defendant.

## APPEARANCES

For Plaintiff:              Juan A. Nevarez, Esq.
                            144 Exchange Boulevard Suite 401
                            Rochester, NY 14614
                            (585) 546-1190

For Defendant:              Michael H. Bernstein, Esq.
                            Sedgwick, Detert Moran & Arnold
                            125 Broad Street 39th Floor
                            New York, NY 10004
                            (212) 422-0202

## INTRODUCTION

**Siragusa, J.** In this case, brought under the Employment Retirement Income Security Act ("ERISA"), Defendant Hartford Insurance Company ("Hartford") seeks an Order (1) granting it summary judgment; (2) striking additional exhibits attached to the cross-motion of Plaintiff Suzanne Fry ("Fry"); and (3) striking Fry's cross-motion for summary judgment. For the reasons stated below, Hartford's motion for summary judgment is granted, and Fry's cross-motion for summary judgment is stricken.

**FACTUAL BACKGROUND**

Fry commenced her lawsuit on December 29, 2009, by filing a complaint in this Court. On March 4, 2010, the Court referred the case under 28 U.S.C. § 636 to the Honorable Marian W. Payson, U.S. Magistrate Judge, for setting a case schedule and ruling on nondispositive pretrial motions. Judge Payson entered a scheduling order on May 18, 2010, with a due date of November 5, 2010 for filing any dispositive motions.

Hartford filed a motion for summary judgment on November 5, 2010, (Docket No. 12) regarding Fry's claim that Hartford's denial of her long term disability claim was arbitrary and capricious under ERISA. On December 9, 2010, Plaintiff filed a cross-motion (Docket No. 19) for summary judgment, along with attached exhibits.[1]

Hartford has moved to strike Fry's application, pursuant to Federal Rule of Civil Procedure 16, since it was filed in violation of Judge Payson's case management order. In addition, Hartford has also asked that the Court not consider the exhibits attached to Fry's motion, since they were not part of the administrative record.[2]

With respect to its motion for summary judgment, Hartford argues that Fry's lawsuit is not timely.  More specifically, Hartford contends that the time clock for filing this lawsuit started when Hartford requested that Fry submit written proof of loss concerning her disability claim. Hartford puts that date at May 3, 2006, which is when Hartford's employee

---

[1]Plaintiff's memorandum of law violates W.D.N.Y. Loc. R. Civ. P. 10(a) since it is written in all single-spaced paragraphs, and one cannot tell whether it also violates the page limitations: "(a) Form Generally. All pleadings, motions, and other papers that a party presents for filing, whether in paper form or in electronic form, shall meet the following requirements: … (2) all text in the body of the document must be double-spaced, except that text in block quotations and footnotes may be single-spaced;…. The Court may reject documents that do not comply with these requirements."

[2]The record consists of two large bound volumes, and each page is individually numbered. Both parties refer in their memoranda to the record by numbers in parenthesis, *e.g.* "(0439)".

sent a letter to Fry with the request. Fry counters that under the language of the Hartford plan,[3] the clock did not start until the additional proofs from Fry, her doctors, and her lawyer were submitted to Hartford, well after May 3, 2006. Both agree that the limitations period is three years and 90 days from the start of the clock. Therefore, Hartford submits that the time expired on August 1, 2009[4] (this lawsuit was filed on December 29, 2009), while Fry argues that the limitation period ran out on or about March 12, 2011.

## STANDARDS OF LAW

### *Fed. R. Civ. P. 16*

Federal Rule of Civil Procedure 16(b) outlines case management scheduling orders issued by the Court and states in relevant part that: "[a] schedule may be modified only for good cause and with the consent of the court." Fed. R. Civ. P. 16(b)(4) (2007).

### *Summary Judgment Standard*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H.*

---

[3]The pertinent portion of the Plan language is quoted as "Legal Actions" on page 3 of Hartford's memorandum of law.

[4]Actually, it appears that since August 1, 2009, was a Saturday, and August 2, 2009, was a Sunday, by operation of Federal Rule of Civil Procedure 6, the statute of limitations, based on Hartford's position, expired on Monday, August 3, 2009.

*Kress & Co.*, 398 U.S. 144, 157 (1970).   "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d

Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

### Motion to Strike

The Court agrees that the additional papers attached to Fry's motion should be stricken:

> "The legal standard for considering evidence outside the administrative record depends on the standard of review to be applied to the claim. For a *de novo* review of the administrator's decision, 'the district court ought not to accept additional evidence absent good cause.' [ Zervos, 277 F.3d at 646.] For a review under the 'arbitrary and capricious' standard, however, 'a district court's review ... is limited to the administrative record. *Miller*, 72 F.3d at 1071." *Parisi v. Unumprovident Corp.*, No. 3:03CV01425, 2007 U.S. Dist. LEXIS 93472, at *23-*24, 2007 WL 4554198 (D .Conn. Dec. 21, 2007)

*Aitkins ex rel. Casillas v. Park Place Entertainment Corp.*, No. 06-CV-4814 (JFB) (MLO), 2008 WL 820040, 12 (E.D.N.Y. Mar. 25, 2008). Accordingly, that motion is granted and the Court will disregard the submissions attached to Fry's moving papers.

***Violation of Rule 16***

Fry's motion was not filed until well after the deadline set by Judge Payson. Even though labeled as a cross-motion, the deadline for filing dispositive motions was clear: November 5, 2010. Fry's motion is a dispositive motion and, therefore, should have been filed on or before that date. Federal Rule of Civil Procedure 16 permits an extension to the deadline set by the Court, but only upon application and for good cause. Fed. R. Civ. P. 16(b)(4). No such application was made, and no good cause has been shown. Therefore, beyond just striking the exhibits, the Court also grants Hartford's application to strike Fry's motion for summary judgment, and as a result, Fry's cross-motion for summary judgment is denied.

***Statute of Limitations and Written Proof of Loss***

At oral argument, it became clear that the question before the Court was whether Hartford's first written request for proof of loss commenced the clock for limitations purposes. The parties further briefed this point in letter submissions sent following oral argument. After considering the oral arguments, and submissions of both parties, the Court determines that Fry's lawsuit was filed outside the limitations period. The contract defines Proof of Loss and the limitations period as follows:

> Written proof of loss must be sent to The Hartford within 90 days after the start of the period for which The Hartford owes payment. After that, The Hartford may require further written proof that you are still Disabled. If proof is not given by the time it is due, it will not affect the claim if:
>
> (1) it was not possible to give proof within the required time; and

(2) proof is given as soon as possible; but

(3) not later than 1 year after it is due, unless you are not legally competent.

The Hartford has the right to require, as part of proof of loss:

(1) your signed statement identifying all Other Income Benefits; and

(2) proof satisfactory to The Hartford that you and your dependents have duly applied for all Other Income Benefits which are available.

The Hartford reserves the right to determine if proof of loss is satisfactory. You will not be required to claim any retirement benefits which you may only get on a reduced basis.

\* \* \*

Legal Actions

Legal action cannot be taken against The Hartford:

(1) sooner than 60 days after due proof of loss has been furnished; or

(2) after the shortest period allowed by the laws of the state where the policy is delivered.

Except as noted below, this is 3 years after the time written proof of loss is required to be furnished according to the terms of the policy.

EXCEPTIONS: Kansas - 5 years South Carolina - 6 years after the time written proof of loss is required to be furnished.

(Plan, at 16, 17.)

The term "proof of loss" is used by New York Insurance Law. *See* N.Y. Ins. Law

§ 3216(e) ("the furnishing of forms for filing proofs of loss…shall not operate as a waiver

of any of the rights of the insurer in defense of any claim arising under such policy.") Filing

a proof of loss is the trigger for an insurance company to investigate a claimed loss. *See*

*Rogers v. Aetna Casualty & Surety Co.*, 601 F.2d 840, 844 (5th Cir. 1979). Here, the starting point for measuring the limitations period under Hartford's insurance policy (three years and ninety days) was the date it requested Fry file proof of loss—May 3, 2006. The limitations period was not extended by Hartford's further requests for clarification or additional proof. *See Salerno v. Prudential Ins. Co. of America*, No. 1:08-CV-0787 (LEK/DRH), 2009 WL 2412732 (N.D.N.Y. Aug. 3, 2009) (district court rejected lawsuit filed outside limitations period measured from proof of loss date). In *Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 882 (7th Cir. 2008), the Seventh Circuit rejected an argument similar to the one Fry makes in this case. In *Abena*, the claimant was granted disability benefits. However, at some point prior to the expiration of the *original* limitations period, the insurance company re-examined the claim, requested additional information from the claimant and, based on the new information, determined the claimant was no longer eligible for benefits. The entire process of review and internal appeal left the claimant with seven months on the *original* limitations period. The Seventh  Circuit did not interpret the insurance company's request for additional information from the claimant as restarting the limitations period. Similarly, here, the limitations period commenced upon the initial request for proof of claim,  and Hartford's subsequent requests for clarification and additional information did not restart it. Consequently, the limitations period expired well before Fry brought this lawsuit.

Fry also argues that the appeals process with Hartford delayed the time when she could bring suit, but concedes that no case supports her position that this delay extended the limitations period. In fact, case law clearly supports just the opposite position. *Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546 (S.D.N.Y.

2008), *aff'd* 572 F.3d 76, 79 (2d Cir. N.Y. 2009) ("New York law permits the Plan to begin the limitations period before a plan beneficiary can bring suit by permitting parties to alter 'the time within which an action must be commenced.'" N.Y. C.P.L.R. 203(a).). As the Second Circuit cautioned in *Burke*, "because we apply rules of contract law to ERISA plans…a court must not 'rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous,'…." *Burke*, 572 F.3d at 80 (citations omitted).

Since the lawsuit was filed outside the limitations period of the insurance contact, it must be dismissed. Therefore, the Court need not discuss whether Hartford's decision to deny benefits is supported by the record.

## CONCLUSION

Fry's cross-motion for summary judgment was filed out of time, as was this lawsuit. The limitations period of the insurance contract bars the suit.  Accordingly, Hartford's motion to strike Fry's motion for summary judgment, as well as its application to strike exhibits and Hartford's motion for summary judgment on the suit are all granted. Plaintiff's cross-motion is denied as untimely made.

IT IS SO ORDERED.

Dated:   May 2, 2011
            Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge